**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.:**

INSANE COOKIES, LLC, a Florida Limited
Liability Company,

    Plaintiff,

vs.

SNAK-KING CORP., a Delaware corporation,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, INSANE COOKIES, LLC ("Plaintiff"), hereby brings its Complaint for Declaratory Judgment against Defendant, SNAK-KING CORP. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is a declaratory judgment action seeking a declaration of non-abandonment of Trademark No. 4,458,517 to enable Plaintiff to continue use of its federally protected trademark, under the applicable statutory provisions.

### PARTIES

2. Plaintiff is a Florida corporation, having its principal place of business at 10303 S.W. 26th Street in Davie, Florida. *See Insane Cookies, LLC 2016 Annual Report, attached hereto as Exhibit "A."*

3. On information and belief, Defendant is a large, nation-wide snack food manufacturer, incorporated in the State of Delaware, with its principal place of business at 16150 E. Stephens Street, City of Industry, California.

4. On further information and belief, Defendant conducts business in the State of Florida, and regularly ships its snack food goods through the streams of interstate commerce, with the knowledge that these goods are to be sold in Florida.

## JURISDICTION AND VENUE

5. This Complaint arises under the Trademark Laws of the United States, 15 U.S.C. § 1064, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties to declare that Plaintiff has not abandoned use of the Trademark "Insane Cookies," and furthermore has not ceased use of the trademark with the intent not to resume use, therefore barring Defendant's attempts to cancel Plaintiff's registration of the mark.

6. This Court has original jurisdiction over the subject matter of these disputes pursuant to 28 U.S.C. §1441, because this complaint seeks declaratory relief pursuant to 15 U.S.C. § 1064, as to the rights and privileges relevant to the registration of a Trademark, under the Lanham Act.

7. Pursuant to 15 U.S.C. § 1119, federal courts have concurrent jurisdiction with the Trademark Trial and Appeal Board over issues relating to the registration and cancellation of trademarks. *See, e.g,* W&G Tenn. Imports, Inc. v. Esselte Pendaflex Corp., 769 F. Supp. 264, 266 (M. D. Tenn. 1991); *see also,* Nolan v. EZ Moving, 2005 WL 20633949 (E.D. Mich. 2005); Te-Ta-Ma Truth Foundation Family v. World Church of Creator, 297 F.3d 662 (7th Cir. 2002).

8. On information and belief, this Court has personal jurisdiction over Defendant as Defendant purposefully avails itself of the privileges of conducting, engaging in, or carrying on business in the State of Florida.

9. On further information and belief, this Court has personal jurisdiction over Defendant pursuant to the Florida long-arm statute, as Defendant ships its goods through commerce into the State of Florida, including but not limited to Walmart and other retailers throughout the state.

10. On further information and belief, Defendant maintains a website, which includes a testimonial page, indicating that individuals in Florida have purchased Defendant's products from various distributors and retail providers, including Walmart, in Brandon, Florida.  *See Screenshot of Defendant's website, attached hereto as Exhibit "B."*

11. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1931, because Plaintiff and the subject trademark resides and operates within the Southern District of Florida, and all of the acts and transgressions giving rise to this action occurred in the Southern District of Florida.

**GENERAL ALLEGATIONS**

12. Plaintiff is in the business of creating, developing, and selling unique flavors of cookies, cakes, and other desserts, using high quality ingredients, and has been doing so since 2013.

13. Plaintiff also offers counseling services in the confectionary business, and has been doing so since its inception, and has partnered with various breweries, frozen yogurt retailers, and farmer's markets, to offer its product to a cross-section of interested customers.

14. On May 8, 2013, Plaintiff filed an application for registration of the trademark "Insane Cookies."  *See Registration, attached hereto as Exhibit "C."*

15. The United States Patent and Trademark Office granted registration of the trademark "Insane Cookies," to Plaintiff on December 31, 2013.  *Exhibit "C."*

16. A majority of Plaintiff's business is generated from its Facebook page, which is maintained at www.facebook.com/DeliciousInsaneCookies.  *See Screenshot attached hereto as Exhibit "D."*

17. Plaintiff uses its Facebook page to post photos, newsworthy industry information, and alerts to its customers for special offers, and makes use of its trademark regularly to its hundreds of followers.

18. During all times pertinent to this lawsuit, Plaintiff has been the licensor of the "Insane Cookies Theme Song," which broadcasts on the website www.youtube.com/watch?v=HFPthri-mic.  This website and video have remained active December 4, 2013, and uses Plaintiff's trademark.

19. During all times pertinent to this lawsuit, Plaintiff has made bona fide use of its trademark, through its various Internet marketing efforts, and has never abandoned or ceased use of the "Insane Cookies" trademark.

20. Moreover, Plaintiff has never evinced the intent not to resume use of the "Insane Cookies" trademark.

21. On April 14, 2016, Plaintiff filed its 2016 Annual Report with the Florida Secretary of State.  *Exhibit "A."*

22. Plaintiff maintains an active marketing presence on the Internet, and makes use of its registered trademark in all of its marketing to customers.

23. In the summer of 2015, Plaintiff began receiving interest from international cruise lines to license Plaintiff's brand of cookies.

24. Due to an increase in industry recognition, Plaintiff began seeking out interested buyers and/or partners for possible business opportunities, all while continuing use of its

marketing efforts, maintaining its Facebook page, and developing new avenues of business, including the development of a line of pre-made cookie dough.

25. Starting in 2016, Plaintiff started receiving interest from multiple parties to purchase its business, and/or rights to use of its trademark, and website domain.

26. One of these parties, Defendant, SNAK-KING CORP., is a large manufacturer of snack foods, and on information and belief, distributes its product throughout the United States, including into the State of Florida.

27. On further information and belief, Defendant applied for U.S. Trademark Application Serial No. 86/722,603 for the mark "Insane Foods," and was refused registration based upon a finding by the United States Patent and Trademark Office that the mark is barred from registration under Section 2(d) of the Lanham Act due to Plaintiff's trademark.

28. Defendant made an inquiry to Plaintiff to purchase Plaintiff's rights to use the trademark, "Insane Cookies," on March 22, 2016.

29. On information and belief, Defendant was able to locate and contact Plaintiff because of Plaintiff's use of its trademark in its various marketing efforts on the Internet.

30. Plaintiff was not willing to sell its trademark rights to Defendant, and Defendant responded by filing a barebones Petition for Cancellation in the Trademark Trial and Appeal Board on May 18, 2016, after Plaintiff had already filed its 2016 Annual Report with the Florida Secretary of State. *See Petition for Cancellation, attached hereto as Exhibit "E."*

31. Defendant's Petition for Cancellation sets forth wholly conclusory allegations that Plaintiff has abandoned use of its registered trademark, and includes absolutely no ascertainable factual basis in support of its allegations.

## **COUNT I – DECLARATORY JUDGMENT OF NON-ABANDONMENT**

32. Plaintiff re-alleges each and every allegation in paragraphs 1-31 as though fully set forth herein.

33. Because Plaintiff has continued use of its federally registered trademark "Insane Cookies," and because Defendant can point to no factual basis in support of its contention that Plaintiff has ceased use of the mark and has no intent to resume use of the mark, Plaintiff is entitled to a declaratory judgment of non-abandonment, precluding cancellation of Plaintiff's federally registered trademark.

34. There is a bona fide, actual, present, practical, substantial and continuing controversy between Plaintiff and Defendant and a declaration of rights is both necessary and appropriate to establish that Plaintiff has not ceased use of the mark, and has furthermore, not evinced the intent to not resume use of the mark.

35. Plaintiff's use and protection of its registered trademark is being threatened by Defendant's actions, which cannot be categorized as anything other than an attempt to usurp Plaintiff's federally protected rights.

36. An immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts.

37. The parties have an actual, present, adverse and antagonistic interest in the subject matter, in either law or fact.

38. The antagonistic and adverse interests are all before the court by proper process.

39. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

40. Plaintiff's injury can be redressed by the requested relief: a declaratory judgment of non-abandonment would exhaust any and all claims Defendant has asserted regarding Plaintiff's use of the trademark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A. Declaring that Plaintiff has not abandoned use of its registered trademark No. 4,458,517 "Insane Cookies."

B. Declaring that Defendant is not entitled to cancel Plaintiff's valid registration of trademark No. 4,458,517.

C. Declaring that the Trademark Trial and Appeal Board is directed to enter judgment not inconsistent with this decision.

WHEREFORE, Plaintiff, INSANE COOKIES, LLC, respectfully requests this Court enter an order: (a) entering judgment for Plaintiff and against Defendant; and (b) awarding all such further relief as this Court deems just and appropriate under the circumstances.

DATED this 15th day of June, 2016.

Respectfully Submitted,

LAW OFFICES OF NOLAN KLEIN, P.A.
*Attorneys for Plaintiff*
One East Broward Blvd., Ste. 1500
Fort Lauderdale, Florida 33301
PH:   (954) 745-0588

By:   /s/ *Jordan Richards*
NOLAN K. KLEIN
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com
JORDAN RICHARDS
Florida Bar No. 108372
richards@nklegal.com